**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3045
_____

JOSE CLEOFUS BELTRAN-LEON,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A206-907-632)
Immigration Judge: Charles M. Honeyman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 23, 2023
_____

Before: SHWARTZ, BIBAS, and FUENTES, <u>Circuit Judges</u>.

(Filed: January 23, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Petitioner Jose Cleofus Beltran-Leon seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his request for cancellation for removal. Because Beltran-Leon's arguments amount to disagreements with the agency's exercise of discretion and findings of fact, we will dismiss the petition for lack of jurisdiction.

I

A

Beltran-Leon, a native and citizen of Mexico, entered the United States without inspection in 1994 or 1995. In 2014, Beltran-Leon was arrested for driving under the influence and sentenced to forty-five days in jail and ninety days of house arrest. The Department of Homeland Security thereafter commenced removal proceedings, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without admission or parole. Beltran-Leon conceded his removability but requested cancellation of removal as a non-permanent resident under 8 U.S.C. § 1229b(b)(1), and designated his United States citizen daughter, TCB,[1] as a qualifying relative.[2]

---

[1] Citing privacy reasons, Beltran-Leon uses the initials "TCB" to refer to his daughter and so we will do the same.

[2] The Attorney General may cancel the removal of a non-permanent resident if the noncitizen establishes, among other things, that his "removal would result in exceptional and extremely unusual hardship" to his United States citizen child. 8 U.S.C. § 1229b(b)(1)(D).

2

At his merits hearing, Beltran-Leon testified that he was employed as a machine operator and lived with his sister and her family, and that TCB, then an eighteen-year-old high school senior, lived with her United States citizen mother who works at a grocery store. Beltran-Leon testified that he saw TCB during weekend visits, and that they communicated regularly online. Each month he paid TCB's mother $320 for child support and gave TCB approximately $100. He planned to continue supporting TCB financially until she is twenty-one years old.

Beltran-Leon also testified that TCB: (1) suffers from depression and behavioral disorders; and (2) does well academically and plans to attend college but is "very aggressive" and has gotten into fights at school. AR 174-75. He testified that if he were removed to Mexico, TCB would remain in the United States with her mother, suffer financially, and continue to suffer from depression, and that his removal would therefore result in exceptional and extremely unusual hardship to TCB.

Neither TCB nor her mother testified at the hearing, but both submitted letters. TCB's mother wrote that Beltran-Leon supports TCB financially and that without him TCB "would be devastated." AR 338. She further stated that she would "struggl[e]" to raise TCB alone and is "afraid [TCB] will take the wrong path" without her father. AR 338, 340. TCB wrote that Beltran-Leon "has always provided for [her] when [she has] needed something" and that her life would not be the same without him. AR 341.

B

The IJ determined that Beltran-Leon is ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ found that Beltran-Leon's monetary contributions to TCB

3

and her mother were "not insignificant," AR 66, and acknowledged that losses of income and support could be "absolutely devastating" to a family left behind but concluded that there was "an evidentiary gap" in the record to prove that such was the case for TCB. AR 69. The IJ further stated that the outcome would not necessarily be different with the additional information, but it may have been a "closer call." AR 69.

The IJ also considered TCB's medical and psychological condition. He observed that (1) the medical reports did not suggest that Beltran-Leon's prior detention and possible removal caused his daughter's condition, and (2) Beltran-Leon's relationship with TCB seemed to be "one of estrangement," AR 67, but that he could not assess the full impact of Beltran-Leon's removal on TCB without testimony from her or her mother. As a result, the IJ ruled that Beltran-Leon failed to establish that his removal would result in exceptional and extremely unusual hardship to TCB, denied his cancellation application on that basis, and ordered Beltran-Leon removed to Mexico.

C

Beltran-Leon appealed the IJ's decision to the BIA. The BIA dismissed the appeal, affirming the IJ's hardship finding. **AR 2.** The BIA (1) rejected Beltran-Leon's assertion that the IJ did not consider all relevant evidence, including TCB and her mother's letters of support, and concluded that the IJ was correct in finding that there was no evidence documenting TCB's "level of economic dependency" on Beltran-Leon, AR 3; (2) disagreed with Beltran-Leon's contention that the IJ did not consider his daughter's mental health issues, pointing to parts of the IJ's decision in which he analyzed those concerns; and (3) rejected Beltran-Leon's claim that the IJ did not sufficiently review

4

TCB's special education needs, observing that the record does not indicate that she is currently receiving any special educational assistance and that it was "unclear" if her "educational needs remain relevant" because at the time of the 2018 hearing, she was in her last year of high school and expected to graduate, AR 3 n.1. After considering "all relevant [hardship] factors in the aggregate," the BIA concluded that Beltran-Leon did not establish that TCB's hardship would "substantially surpass the ordinary hardships that other family members experience when an [applicant] is removed from the United States," and dismissed the appeal. AR 3.

Beltran-Leon petitions for review.

## II[3]

We lack jurisdiction to review the denial of discretionary relief, including cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); Hernandez-Morales v. Att'y Gen., 977 F.3d 247, 249 (3d Cir. 2020). We retain limited jurisdiction, however, to consider colorable "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D); Chiao Fang Ku v. Att'y Gen., 912 F.3d 133, 144 (3d Cir. 2019), which we review de novo, Castro v. Att'y Gen., 671 F.3d 356, 364-65 (3d Cir. 2012).

The agency's denial of cancellation of removal based on Beltran-Leon's failure to establish the requisite hardship "'is a quintessential discretionary judgment' over which we lack jurisdiction." Hernandez-Morales, 977 F.3d at 249 (quoting Mendez-Moranchel

_____

[3] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We always have jurisdiction to determine our jurisdiction. Calderon-Rosas v. Att'y Gen., 957 F.3d 378, 384 n.2 (3d Cir. 2020).

5

v. Ashcroft, 338 F.3d 176, 178-79 (3d Cir. 2003)).  Moreover, none of Beltran-Leon's arguments raise a colorable legal claim and thus we lack jurisdiction to review them.

First, we lack jurisdiction to consider Beltran-Leon's argument that the agency failed to meaningfully consider the letters of support from TCB and her mother because this argument is merely a disagreement with the weight the IJ gave to those letters.[4]  See Chiao Fang Ku, 912 F.3d at 144 ("[W]e have consistently held [that] 'arguments such as that an [IJ] or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D).'" (citation omitted)).

Second, the IJ's conclusion that the absence of testimony from TCB and her mother left "an evidentiary gap in th[e] record" did not raise an issue of corroboration and credibility,[5] AR 69, and instead relates to the sufficiency of the evidence Beltran-Leon put forth in support of his application.  In fact, the IJ found that even if TCB and her mother testified, the evidence may still have been insufficient.  We lack jurisdiction to review this evidentiary determination.  Chiao Fang Ku, 912 F.3d at 144.

Third, we lack jurisdiction to review Beltran-Leon's claim that the agency failed to consider certain equitable factors.  See id. (dismissing petition for lack of jurisdiction

_____

[4] Even if his "meaningful consideration" argument raised a question of law, Beltran-Leon's assertion that the IJ failed to consider his arguments is belied by the record.  The IJ identified the letters by exhibit markings and heard testimony consistent with parts of them.  Moreover, the content of the letters was cumulative of other evidence the IJ considered.  Accordingly, the agency properly considered the letters.

[5] Beltran-Leon concedes that we lack jurisdiction to review the agency's conclusion that the letters failed to fill an evidentiary gap in the record because it is a "factual finding[]." Patel v. Garland, 142 S. Ct. 1614, 1622 (2022).

because petitioner's "argument boil[ed] down to her contention that the [BIA] failed to consider certain equities relevant to the hardship determination").

Finally, any dispute concerning Beltran-Leon's claim that the BIA engaged in improper fact finding is not colorable. Rather, the BIA's inference regarding TCB's education status was akin to adopting the IJ's findings of fact. Therefore, the claim is meritless.

III

For the foregoing reasons, we will dismiss the petition for review.